### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.   ) | Criminal Action No. 17-69-RGA |
| ) | |
| **BRIAN SCIMECA,** ) | |
| ) | |
| Defendant.   ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Alexander P. Ibrahim, Assistant United States Attorney, requests that the Court impose a sentence of three months in a halfway house followed by two years of supervision. This represents a downward variance from the applicable guidelines range.[1]

**I.   Procedural Background**

The Defendant, Brian Scimeca, was charged by a one-count Information on September 27, 2017 with mail fraud in violation of 18 U.S.C. § 1341. Defendant waived indictment and pled guilty to the Information on December 5, 2017. His sentencing is scheduled for April 6, 2018 at 9:00 a.m. Defendant has been on pre-trial release pending sentencing. The advisory guidelines range is 12-18 months.

---

[1] As it does in every case, the government will be filing a sealed Attachment A to this Sentencing Memorandum.

(Amended Presentence Investigation Report filed on March 15, 2018 ("PSR") ¶ 63).

## II. The Offense Conduct

Between October 2012 and February 2013, Defendant used his position as a business account executive at T-Mobile to open fraudulent accounts for T-Mobile equipment and services using the names and personal information of potential customers. (PSR ¶ 9). All told, Defendant placed 27 such orders in the names of 12 different customers and two companies. (*Id.* at ¶ 10). Defendant arranged for the illegally obtained merchandise to ship to his home address or to other addresses he controlled. (*Id.* at ¶ 9). Ultimately, Defendant sold the equipment for profit. (*Id.*) The total loss to T-Mobile for the cost of the lost merchandise was $86,143. (*Id.* at ¶ 10).

## III. The Government's Sentencing Recommendation

The government submits that a downward variance to three months in a halfway house followed by two years of supervision represents a sentence that is sufficient, but not greater than necessary, to meet the sentencing purposes set forth in 18 U.S.C. § 3553(a). A downward variance is warranted for two reasons; first, Defendant's immediate and consistent acceptance of responsibility counsels in favor of leniency. Second, his lack of subsequent criminal conduct and his personal history suggest that the instant offense is an outlier. As a result, the government submits that a sentence to a period of imprisonment is unlikely to accomplish any of the goals of sentencing. *See* 18 U.S.C. § 3553(a).

With respect to Defendant's acceptance of responsibility, when confronted by T-Mobile with the fraudulent orders, Defendant admitted to his misdeeds. His desire to address his conduct head-on continued when Defendant confessed to investigators and agreed to plead guilty to an Information. That not only saved prosecutorial and judicial resources, but it also suggested that Defendant truly regretted his conduct and was willing to accept the resulting consequences. Defendant was also willing to cooperate with the government in any way that it deemed necessary.

Second, Defendant's personal history counsels that Defendant is unlikely to recidivate. Other than the instant conduct, the only other mark on Defendant's record is a twenty-year-old conviction for failure to appear on a traffic ticket. (PSR at ¶ 29-30). In the five years since Defendant's scheme was uncovered, he has appeared to remain crime-free, with no subsequent arrests or convictions. (*Id.* at ¶ 32-33).

In addition, the offense conduct appears borne out of a period of desperation on the Defendant's part. He was having difficulty coping with the stress and financial burden of his family circumstances, and used this fraudulent scheme as a method to take the easy way out. (*Id.* at ¶ 14-15). Defendant's crime was not driven by greed or a callous disregard for others. He seems to have learned his lesson about turning to crime. Defendant has also addressed his familial circumstances and sought counseling so that he can deal with the issues that led him here in the first place. (PSR ¶ 47).

## IV. Conclusion

For the foregoing reasons, the government respectfully requests this Court sentence the Defendant to a downward variance of three months in a halfway house followed by two years of supervision. The government submits that a sentence of imprisonment is unlikely to further the goals of sentencing and that the recommended sentence is sufficient, but not greater than necessary to accomplish the goals of sentencing as laid out in 18 U.S.C. § 3553(a).

Respectfully submitted,

DAVID C. WEISS
United States Attorney

/s/ Alexander P. Ibrahim

Alexander P. Ibrahim
Assistant United States Attorney

Dated: April 2, 2018